UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY TOOLEY, as N/F of SETH
TOOLEY,

           Plaintiffs,                     Honorable Avern Cohn
                                          Magistrate David R. Grand
vs.                                    No. 14-13466

VAN BUREN PUBLIC SCHOOLS, et al,

           Defendants.
_____/

| | |
|---|---|
| JAMES B. RASOR (P43476) | TIMOTHY J. MULLINS (P28021) |
| JONATHAN R. MARKO (P72450) | GIARMARCO, MULLINS & HORTON, P.C. |
| SARAH MARIE THOMAS (P76481) | *Attorney for Defendants, Dearborn Heights* |
| RASOR LAW FIRM, PLLC | *School District No. 7, Jeffrey Bartold, Jon* |
| *Attorneys for Plaintiffs* | *Znamierowski and Claudia Portscheller* |
| 201 E. 4th Street | 101 W. Big Beaver Road, 10th Floor |
| Royal Oak, MI 48067 | Troy, MI 48084-5280 |
| (248) 543-9000 | (248) 457-7020 |
| jbr@rasorlawfirm.com | tmullins@gmhlaw.com |
| jrm@rasorlawfirm.com | |
| smt@rasorlawfirm.com | ROY H. HENLEY (P39921) |
| | JENNIFER K. JOHNSTON (P74093) |
| KEVIN T. SUTTON (P65364) | THRUN LAW FIRM P.C. |
| LUSK & ALBERTSON, PLC | *Attorneys for Alison Cancilliari* |
| *Attorney for Wyandotte Schools Defendants* | 2900 West Road, Ste. 400 |
| 40950 Woodward Avenue, Ste. 350 | P.O. Box 2575 |
| Bloomfield Hills, MI 48304-5129 | East Lansing, MI 48826 |
| (248) 988-5695 | (517) 484-8000 |
| ksutton@luskalbertson.com | rhenley@thrunlaw.com |
| | |
| GEORGE P. BUTLER, III (P43692) | GEORGE P. BUTLER, III (P43692) |
| CARMEN L. DORRIS (P77747) | SHERRY D. O'NEAL TAYLOR (P62288) |
| DICKINSON WRIGHT, PLLC | DICKINSON WRIGHT, PLLC |
| *Attorneys for Van Buren Defendants* | *Attorneys for Summit Academy North and* |
| 500 Woodward Ave., Ste. 4000 | *Board of Directors* |
| Detroit, MI 48226 | 500 Woodward Ave., Ste. 4000 |
| (313) 223-3500 | Detroit, MI 48226 |
| gbutler@dickinsonwright.com | (313) 223-3500 |
| cdorris@dickinsonwright.com | gbutler@dickinsonwright.com |
| | soneal@dickinsonwright.com |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants, DEARBORN HEIGHTS SCHOOL DISTRICT NO. 7, JEFFREY BARTOLD, JON ZNAMIEROWSKI and CLAUDIA PORTSCHELLER, by and through their attorneys, GIARMARCO, MULLINS & HORTON, P.C., state their answer to Plaintiffs' Complaint as follows:

## INTRODUCTION

1.     In answer to paragraph 1, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

2.     In answer to paragraph 2, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

3.     In answer to paragraph 3, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

## PARTIES

4.     In answer to paragraph 4, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

5.     In answer to paragraph 5, Defendants neither admit nor deny the

allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

6.      In answer to paragraph 6, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

7.      In answer to paragraph 7, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

8.      In answer to paragraph 8, Defendant admits that Best Middle School is a Michigan Public School District performing a governmental function in Wayne County, Michigan, to wit, providing a free and appropriate public education for the students thereof and, as such, Defendants are immune from suit herein.

## **COMMON FACTUAL ALLEGATIONS**

1.      In answer to paragraph 1, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

2.      In answer to paragraph 2, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

3.      In answer to paragraph 3, Defendants neither admit nor deny the

allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

4.     In answer to paragraph 4, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

5.     In answer to paragraph 5, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

6.     In answer to paragraph 6, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

7.     In answer to paragraph 7, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

8.     In answer to paragraph 8, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

9.     In answer to paragraph 9, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

10. In answer to paragraph 10, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

11. In answer to paragraph 11, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

12. In answer to paragraph 12, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

13. In answer to paragraph 13, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

14. In answer to paragraph 14, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

15. In answer to paragraph 15, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

16. In answer to paragraph 16, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief

and, therefore, leave Plaintiffs to their proofs.

17.    In answer to paragraph 17, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

18.    In answer to paragraph 18, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

19.    In answer to paragraph 19, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

20.    In answer to paragraph 20, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

21.    In answer to paragraph 21, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

22.    In answer to paragraph 22, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

23.    In answer to paragraph 23, Defendants neither admit nor deny the

allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

24.     In answer to paragraph 24, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

25.     In answer to paragraph 25, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

26.     In answer to paragraph 26, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

27.     In answer to paragraph 27, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

28.     In answer to paragraph 28, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

29.     In answer to paragraph 29, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

30.     In answer to paragraph 30, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

31.     In answer to paragraph 31, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

32.     In answer to paragraph 32, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

33.     In answer to paragraph 33, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

34.     In answer to paragraph 34, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

35.     In answer to paragraph 35, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

36.     In answer to paragraph 36, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief

and, therefore, leave Plaintiffs to their proofs.

37.   In answer to paragraph 37, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

38.   In answer to paragraph 38, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

39.   In answer to paragraph 39, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

40.   In answer to paragraph 40, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

41.   In answer to paragraph 41, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

42.   In answer to paragraph 42, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

43.   In answer to paragraph 43, Defendants neither admit nor deny the

allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

44.     In answer to paragraph 44, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

45.     In answer to paragraph 45, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

46.     In answer to paragraph 46, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

47.     In answer to paragraph 47, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

48.     In answer to paragraph 48, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

49.     In answer to paragraph 49, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

50.     In answer to paragraph 50, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

51.     In answer to paragraph 51, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

52.     In answer to paragraph 52, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

53.     In answer to paragraph 53, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

54.     In answer to paragraph 54, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

55.     In answer to paragraph 55, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

56.     In answer to paragraph 56, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief

and, therefore, leave Plaintiffs to their proofs.

57.   In answer to paragraph 57, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

58.   In answer to paragraph 58, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

59.   In answer to paragraph 59, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

60.   In answer to paragraph 60, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

61.   In answer to paragraph 61, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

62.   In answer to paragraph 62, Defendants admit that Plaintiff student attended Best Middle School for a period of time. Defendants neither admit nor deny the remaining allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

63.     In answer to paragraph 63, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

64.     In answer to paragraph 64, Defendants admit that Plaintiff student was accepted by the staff. Defendants neither admit nor deny the remaining allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, which are either incorrect or inapplicable as applied to the case herein and, therefore, leave Plaintiffs to their proofs.

65.     In answer to paragraph 65, Defendants deny the allegations contained therein for the reason that they are untrue.

66.     In answer to paragraph 66, Defendants deny the allegations contained therein for the reason that they are untrue.

67.     In answer to paragraph 67, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

68.     In answer to paragraph 68, Defendants deny the allegations contained therein for the reason that they are untrue.

69.     In answer to paragraph 69, Defendants deny the allegations contained therein for the reason that they are untrue.

70.     In answer to paragraph 70, Defendants deny the allegations contained

therein for the reason that they are untrue.

71.     In answer to paragraph 71, Defendants deny the allegations contained therein for the reason that they are untrue.

## COUNT I
## VIOLATIONS OF 42 U.S.C. § 1983 et seq

72.     In answer to paragraph 72, Defendants hereby incorporate by reference their responses contained in paragraphs 1 through 71 inclusive, as if fully set forth herein.

73.     In answer to paragraph 73, Defendants deny the allegations contained therein for the reason that they are untrue.

74.     In answer to paragraph 74, Defendants deny the allegations contained therein for the reason that they are untrue.

75.     In answer to paragraph 75, Defendants deny the allegations contained therein for the reason that they are untrue.

76.     In answer to paragraph 76, Defendants deny the allegations contained therein for the reason that they are untrue.

77.     In answer to paragraph 77, Defendants deny the allegations contained therein for the reason that they are untrue.

78.     In answer to paragraph 78, Defendants deny the allegations contained therein for the reason that they are untrue.

79.     In answer to paragraph 79, Defendants deny the allegations contained

therein for the reason that they are untrue.

80.    In answer to paragraph 80, Defendants deny the allegations contained therein for the reason that they are untrue.

81.    In answer to paragraph 81, Defendants deny the allegations contained therein for the reason that they are untrue.

82.    In answer to paragraph 82, Defendants deny the allegations contained therein for the reason that they are untrue.

83.    In answer to paragraph 83, Defendants deny the allegations contained therein for the reason that they are untrue.

WHEREFORE, Defendants, DEARBORN HEIGHTS SCHOOL DISTRICT NO. 7, JEFFREY BARTOLD, JON ZNAMIEROWSKI and CLAUDIA PORTSCHELLER, respectfully request that this Honorable Court enter an order of no cause of action as to Defendants, together with costs and attorney fees so wrongfully sustained.

## COUNT II
## SEX/GENDER DISCRIMINATION UNDER TITLE IX
## 20 U.S.C. § 1681 et seq

84.    In answer to paragraph 84, Defendants hereby incorporate by reference their responses contained in paragraphs 1 through 83 inclusive, as if fully set forth herein.

85.    In answer to paragraph 85, Defendants neither admit nor deny the

15

allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, which are either incorrect or inapplicable as applied to the case herein and, therefore, leave Plaintiffs to their proofs.

86.     In answer to paragraph 86, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

87.     In answer to paragraph 87, Defendants deny the allegations contained therein for the reason that they are untrue.

88.     In answer to paragraph 88, Defendants deny the allegations contained therein for the reason that they are untrue.

WHEREFORE, Defendants, DEARBORN HEIGHTS SCHOOL DISTRICT NO. 7, JEFFREY BARTOLD, JON ZNAMIEROWSKI and CLAUDIA PORTSCHELLER, respectfully request that this Honorable Court enter an order of no cause of action as to Defendants, together with costs and attorney fees so wrongfully sustained.

## COUNT III
### SEX-BASED HARASSMENT UNDER TITLE IV
### OF THE CIVIL RIGHTS ACT OF 1964
### 42 U.S.C. §§ 2000c – 2000c-9

89.     In answer to paragraph 89, Defendants hereby incorporate by reference their responses contained in paragraphs 1 through 88 inclusive, as if fully set forth herein.

16

90.     In answer to paragraph 90, Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, which are either incorrect or inapplicable as applied to the case herein and, therefore, leave Plaintiffs to their proofs.

91.     In answer to paragraph 91, Defendants deny the allegations contained therein for the reason that they are untrue.

WHEREFORE, Defendants, DEARBORN HEIGHTS SCHOOL DISTRICT NO. 7, JEFFREY BARTOLD, JON ZNAMIEROWSKI and CLAUDIA PORTSCHELLER, respectfully request that this Honorable Court enter an order of no cause of action as to Defendants, together with costs and attorney fees so wrongfully sustained.

## COUNT IV
## VIOLATION OF MICHIGAN ELLIOTT LARSEN CIVIL RIGHTS ACT

68.     In answer to paragraph 68, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

69.     In answer to paragraph 69, Defendants deny the allegations contained therein for the reason that they are untrue.

70.     In answer to paragraph 70, Defendants deny the allegations contained therein for the reason that they are untrue.

71.     In answer to paragraph 71, Defendants deny the allegations contained

17

therein for the reason that they are untrue.

72.    In answer to paragraph 72, Defendants deny the allegations contained therein for the reason that they are untrue.

73.    In answer to paragraph 73, Defendants deny the allegations contained therein for the reason that they are untrue.

74.    In answer to paragraph 74, Defendants deny the allegations contained therein for the reason that they are untrue.

WHEREFORE, Defendants, DEARBORN HEIGHTS SCHOOL DISTRICT NO. 7, JEFFREY BARTOLD, JON ZNAMIEROWSKI and CLAUDIA PORTSCHELLER, respectfully request that this Honorable Court enter an order of no cause of action as to Defendants, together with costs and attorney fees so wrongfully sustained.

## COUNT V
## VIOLATION OF THE 14TH AMENDMENT

75.    In answer to paragraph 75, Defendants hereby incorporate by reference their responses to the foregoing paragraphs as if fully set forth herein.

76.    In answer to paragraph 76, Defendants deny the allegations contained therein for the reason that they are untrue.

77.    In answer to paragraph 77, Defendants deny the allegations contained therein for the reason that they are untrue.

78.    In answer to paragraph 78, Defendants deny the allegations contained

18

therein for the reason that they are untrue.

79.     In answer to paragraph 79, Defendants deny the allegations contained therein for the reason that they are untrue.

WHEREFORE, Defendants, DEARBORN HEIGHTS SCHOOL DISTRICT NO. 7, JEFFREY BARTOLD, JON ZNAMIEROWSKI and CLAUDIA PORTSCHELLER, respectfully request that this Honorable Court enter an order of no cause of action as to Defendants, together with costs and attorney fees so wrongfully sustained.

## COUNT VI
## FIRST AMENDMENT RIGHTS

80.     In answer to paragraph 80, Defendants hereby incorporate by reference their responses to the foregoing paragraphs as if fully set forth herein.

81.     In answer to paragraph 81, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

82.     In answer to paragraph 82, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

83.     In answer to paragraph 83, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

19

84.     In answer to paragraph 84, Defendants deny the allegations contained therein for the reason that they are untrue.

85.     In answer to paragraph 85, Defendants deny the allegations contained therein for the reason that they are untrue.

WHEREFORE, Defendants, DEARBORN HEIGHTS SCHOOL DISTRICT NO. 7, JEFFREY BARTOLD, JON ZNAMIEROWSKI and CLAUDIA PORTSCHELLER, respectfully request that this Honorable Court enter an order of no cause of action as to Defendants, together with costs and attorney fees so wrongfully sustained.

<div align="center">

**COUNT VII**
**VIOLATION OF EQUAL PROTECTION RIGHTS UNDER**
**THE MICHIGAN CONSTITUTION**

</div>

86.     In answer to paragraph 86, Defendants hereby incorporate by reference their responses to the foregoing paragraphs as if fully set forth herein.

87.     In answer to paragraph 87, Defendants deny the allegations contained therein for the reason that they are untrue.

88.     In answer to paragraph 88, Defendants deny the allegations contained therein for the reason that they are untrue.

89.     In answer to paragraph 89, Defendants deny the allegations contained therein for the reason that they are untrue.

90.     In answer to paragraph 90, Defendants deny the allegations contained

therein for the reason that they are untrue.

WHEREFORE, Defendants, DEARBORN HEIGHTS SCHOOL DISTRICT NO. 7, JEFFREY BARTOLD, JON ZNAMIEROWSKI and CLAUDIA PORTSCHELLER, respectfully request that this Honorable Court enter an order of no cause of action as to Defendants, together with costs and attorney fees so wrongfully sustained.

## COUNT VIII
## GROSS NEGLIGENCE

91.    In answer to paragraph 91, Defendants hereby incorporate by reference their responses to the foregoing paragraphs as if fully set forth herein.

92.    In answer to paragraph 92, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

93.    In answer to paragraph 93 (a) –(e), Defendants deny the allegations contained therein for the reason that they are untrue.

94.    In answer to paragraph 94, Defendants deny the allegations contained therein for the reason that they are untrue.

WHEREFORE, Defendants, DEARBORN HEIGHTS SCHOOL DISTRICT NO. 7, JEFFREY BARTOLD, JON ZNAMIEROWSKI and CLAUDIA PORTSCHELLER, respectfully request that this Honorable Court enter an order of no cause of action as to Defendants, together with costs and attorney fees so

21

wrongfully sustained.

## COUNT IX
## 42 U.S.C. 1983 VIOLATION PURSUANT TO *MONELL*

95.     In answer to paragraph 95, Defendants deny the allegations contained therein for the reason that they are untrue.

96.     In answer to paragraph 96, Defendants deny the allegations contained therein for the reason that they are untrue.

97.     In answer to paragraph 97, Defendants deny the allegations contained therein for the reason that they are untrue.

WHEREFORE, Defendants, DEARBORN HEIGHTS SCHOOL DISTRICT NO. 7, JEFFREY BARTOLD, JON ZNAMIEROWSKI and CLAUDIA PORTSCHELLER, respectfully request that this Honorable Court enter an order of no cause of action as to Defendants, together with costs and attorney fees so wrongfully sustained.

## COUNT X
## 42 U.S.C. 1983 – VIOLATION OF CIVIL RIGHTS THROUGH SUPERVISION, CUSTOMS, POLICIES, ACQUIESCENCE AND TRAINING

98.     In answer to paragraph 98, Defendants hereby incorporate by reference their responses to the foregoing paragraphs as if fully set forth herein.

99.     In answer to paragraph 99, Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law,

rather than allegations of fact, which are either incorrect or inapplicable as applied to the case herein and, therefore, leave Plaintiffs to their proofs.

100. In answer to paragraph 100, Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, which are either incorrect or inapplicable as applied to the case herein and, therefore, leave Plaintiffs to their proofs.

101. In answer to paragraph 101, Defendants deny the allegations contained therein for the reason that they are untrue.

WHEREFORE, Defendants, DEARBORN HEIGHTS SCHOOL DISTRICT NO. 7, JEFFREY BARTOLD, JON ZNAMIEROWSKI and CLAUDIA PORTSCHELLER, respectfully request that this Honorable Court enter an order of no cause of action as to Defendants, together with costs and attorney fees so wrongfully sustained.

## CLAIMS FOR RELIEF

102. In answer to paragraph 102 Defendants hereby incorporate by reference their responses to the foregoing paragraphs as if fully set forth herein.,

103. In answer to paragraph 103, Defendants deny the allegations contained therein for the reason that they are untrue.

104. In answer to paragraph 104, Defendants deny the allegations contained therein for the reason that they are untrue.

23

105.  In answer to paragraph 105, Defendants deny the allegations contained therein for the reason that they are untrue.

106.  In answer to paragraph 106, Defendants deny the allegations contained therein for the reason that they are untrue.

107.  In answer to paragraph 107, Defendants deny the allegations contained therein for the reason that they are untrue.

WHEREFORE, Defendants, DEARBORN HEIGHTS SCHOOL DISTRICT NO. 7, JEFFREY BARTOLD, JON ZNAMIEROWSKI and CLAUDIA PORTSCHELLER, respectfully request that this Honorable Court enter an order of no cause of action as to Defendants, together with costs and attorney fees so wrongfully sustained.

s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants, Dearborn Heights
  School District No. 7, Jeffrey Bartold, Jon
  Znamierowski and Claudia Portscheller
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
P28021

DATED: December 19, 2014

24

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY TOOLEY, as N/F of SETH
TOOLEY,

          Plaintiffs,                 Honorable Avern Cohn
                                    Magistrate David R. Grand
vs.                                 No. 14-13466

VAN BUREN PUBLIC SCHOOLS, et al,

          Defendants.
_____/

## **AFFIRMATIVE DEFENSES**

Defendants, DEARBORN HEIGHTS SCHOOL DISTRICT NO. 7, JEFFREY BARTOLD, JON ZNAMIEROWSKI and CLAUDIA PORTSCHELLER, by and through their attorneys, GIARMARCO, MULLINS & HORTON, P.C., state their Affirmative Defenses as follows:

1.    DEARBORN HEIGHTS SCHOOL DISTRICT NO. 7, as a governmental entity, is entitled to governmental immunity because it was performing a governmental function.

2.    Defendants, JEFFREY BARTOLD, JON ZNAMIEROWSKI and CLAUDIA PORTSCHELLER, are entitled to governmental immunity. Plaintiffs' allegations in the complaint for disability based harassment fails as a matter of law because Plaintiffs lack any evidence that they, or anyone on their behalf, notified

25

Defendants of any harassment.

3.   Plaintiffs' claims against Defendants failed because Plaintiffs cannot show that Defendants acted with deliberate indifference regarding Plaintiff student's allegations of harassment.

4.   Plaintiffs have failed to exhaust their administrative remedies generally and specifically with the Individuals With Disabilities Education Act, the Americans With Disabilities Act, and Section 504 of the Rehabilitation Act.

5.   Plaintiffs' claims under the Persons with Disability Act are precluded by the Michigan Special Education Act, MCL 380.1701.

6.   Defendants are entitled to qualified immunity.

7.   Defendants are entitled to absolute immunity.

8.   Plaintiff student is not a protected person under Title IX.

9.   Plaintiffs have not alleged that Plaintiff student was harassed solely because of any protected classification.

10.   Any harassment was not sufficiently severe or pervasive that it altered the condition of Plaintiff student's education.

11.   Defendants did not have actual notice of any harassment.

12.   Defendants were not deliberately indifferent to the harassment.

13.   Plaintiffs' claims are barred because Defendants and their representatives exercised reasonable care to prevent and promptly correct any

allegedly harassing behavior.

14.    Plaintiffs' cause of action is barred because Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided Defendants to avoid harm.

15.    Defendants have not violated any clearly established constitutional or statutory right.

16.    Plaintiffs' ADA and Section 504 claim are preempted by the IDEA.

17.    Plaintiffs' claim is barred because Plaintiffs did not notify Defendants of the actions complained of.

18.    Plaintiffs' claim is barred by the Statute of Limitations.

19.    Defendants will show at the time of trial that all actions or activities complained of by Plaintiffs were voluntary or consensual on the part of Plaintiffs.

20.    Defendants will show at the time of trial that there was no discriminatory intent.

21.    As a matter of law, DEARBORN HEIGHTS SCHOOL DISTRICT NO. 7 and its administrators cannot be held vicariously liable for its employees' intentional torts.

22.    Plaintiffs have failed to mitigate their damages, if any.

23.    Plaintiffs have failed to satisfy a condition precedent to filing this lawsuit.

27

24.    Defendants strictly observed all legal duties and obligations imposed by operation of law and otherwise, and all actions of their agents, servants, and/or employees were careful, prudent, proper, and lawful.

25.    Plaintiffs have failed to state a cause of action.

26.    Plaintiffs' comparative negligence may act to bar this claim in whole or in part.

27.    Any injury complained of by Plaintiffs was not proximately caused by Defendants.

28.    The Court lacks jurisdiction over Plaintiffs' state law claims because the state law claims substantially predominate the federal claims.

29.    Plaintiffs' claims are barred because Defendants took prompt, remedial, and corrective action to all known acts of harassment.

30.    Plaintiffs' claims are barred because Plaintiff and Plaintiff's Next Friend lack capacity to sue.

31.    Plaintiffs' claim fails as a matter of law and fact because Defendants were not required to protect Plaintiff from the private violence or other mishaps that are not attributed to the conduct of its employees.

32.    Plaintiffs' claims are barred because they did not comply with and/or satisfy relevant and applicable conditions precedent.

33.    Plaintiffs' claimed are barred, in whole or in part, under the doctrine

28

of estoppel/waiver.

34.    Plaintiffs have failed to mitigate damages.

35.    Plaintiffs have failed to join a necessary party.

36.    Defendants are entitled to Eleventh Amendment immunity.

37.    Defendants will show at trial that any injury complained of by Plaintiffs was preexistent and/or proximately caused by the acts of third persons not under the control of Defendants.

38.    Defendants will show and rely upon at the time of trial that Plaintiff student's sexual identity is not a protected classification.

39.    Defendants reserve the right to amend their Answer, including additional Affirmative Defenses, upon completion of investigation and discovery of this cause.

<div style="margin-left:40%">

s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants, Dearborn Heights
  School District No. 7, Jeffrey Bartold, Jon
  Znamierowski and Claudia Portscheller
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
P28021

</div>

DATED: December 19, 2014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY TOOLEY, as N/F of SETH
TOOLEY,

                 Plaintiffs,                   Honorable Avern Cohn

                                            Magistrate David R. Grand
vs.                                        No. 14-13466

VAN BUREN PUBLIC SCHOOLS, et al,

                 Defendants.

_____/

## **RELIANCE UPON JURY DEMAND**

     Defendants, DEARBORN HEIGHTS SCHOOL DISTRICT NO. 7, JEFFREY BARTOLD, JON ZNAMIEROWSKI and CLAUDIA PORTSCHELLER, by and through their attorneys, GIARMARCO, MULLINS & HORTON, P.C., hereby rely upon the jury demand previously filed by Plaintiffs as to all issues of trial.

                               s/TIMOTHY J. MULLINS
                               GIARMARCO, MULLINS & HORTON, PC
                               Attorney for Defendants, Dearborn Heights
                                School District No. 7, Jeffrey Bartold, Jon
                                Znamierowski and Claudia Portscheller
                               101 W. Big Beaver Road, 10th Floor
                               Troy, MI 48084-5280
                               (248) 457-7020
                               tmullins@gmhlaw.com
                               P28021

DATED: December 19, 2014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY TOOLEY, as N/F of SETH
TOOLEY,

        Plaintiffs,               Honorable Avern Cohn
                                   Magistrate David R. Grand
vs.                              No. 14-13466

VAN BUREN PUBLIC SCHOOLS, et al,

        Defendants.
_____/

## CERTIFICATE OF ELECTRONIC SERVICE

      TIMOTHY J. MULLINS states that on December 19, 2014, he did serve a copy of the **Answer to First Amended Complaint, Affirmative Defenses and Jury Demand** via the United States District Court electronic transmission on the aforementioned date.

                             s/TIMOTHY J. MULLINS
                             GIARMARCO, MULLINS & HORTON, PC
                             Attorney for Defendants, Dearborn Heights
                              School District No. 7, Jeffrey Bartold, Jon
                              Znamierowski and Claudia Portscheller
                             101 W. Big Beaver Road, 10th Floor
                             Troy, MI 48084-5280
                             (248) 457-7020
                             tmullins@gmhlaw.com
                             P28021